# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| WILLIE COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV506-026 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Donald Fishman (the "ALJ" or "ALJ Fishman") denying his claim for Disability Insurance Benefits and Supplemental Security Income benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for Disability Insurance Benefits and Supplemental Security Income payments on September 2, 2003, alleging that he became disabled on July 27, 2003, due to a broken ankle. (Tr. at 73.) After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (Tr. at 38, 44-47.) On August 2, 2005, ALJ Fishman held a hearing at which Plaintiff appeared and testified. Mark Leaptrot, a vocational expert, also testified at this hearing. ALJ Fishman

found that Plaintiff was disabled within the meaning of the Act from July 27, 2003, through October 7, 2004. (Tr. at 27.) The ALJ also found that, as of October 7, 2004, Plaintiff's condition had improved, and he was not disabled after that date. (Id.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 3.)

Plaintiff, born on November 2, 1965, was thirty-nine (39) years old when ALJ Fishman issued his decision. He has a high school education. (Tr. at 23.) His past relevant work experience includes employment as a landscaper, loader/unloader, and construction laborer. (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404,

2

Subpt. P. App. 1; Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to perform other work in the national economy, considering his age, education, and work experience. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of July 27, 2003, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 24.) At Step Two, the ALJ determined that the medical evidence established a post comminuted fracture of the right distal tibia with open reduction and internal fixation (broken ankle) as a severe impairment. (Tr. at 26.) However, the ALJ also determined that Plaintiff's medically determinable impairment did not meet or medically equal a listed impairment. (Id.) Next, the ALJ determined the Plaintiff's residual functional capacity, finding that Plaintiff was disabled from July 27, 2003, to October 7, 2004. (Tr. at 27.) ALJ Fishman specifically found that Plaintiff retained the ability to lift up to 20 pounds occasionally and 10 pounds frequently, carry five pounds, stand for less than one hour, and sit for two hours at a time. Plaintiff was precluded from climbing ladders and scaffolds or operating foot controls. Plaintiff was unable to maintain attention and concentration for extended periods due to pain from his injury. (Id.) The ALJ found that from October 7, 2004, Plaintiff had experienced a significant medical

3

improvement which allowed him to lift up to 20 pounds occasionally and 10 pounds frequently, carry 10 pounds, and stand or walk for at least two hours in an eight hour work day. (Id.) The ALJ then proceeded to the next step, finding that Plaintiff did not retain the residual functional capacity to perform his past relevant work. Finally, the ALJ determined that Plaintiff could perform the sedentary or light level jobs of a silverware wrapper, box sealer inspector, and paper cone machine operator. (Tr. at 28.) Plaintiff was found to be not disabled after October 7, 2004. (Tr. at 29.)

## ISSUE PRESENTED

Plaintiff asserts the ALJ's finding that Plaintiff had medically improved on October 7, 2004, to the point he was able to perform sedentary work is unsupported by substantial evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

AO 72A
(Rev. 8/82)

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

I.   **The Decision That the Plaintiff was not disabled after October 7, 2004 and could Perform Sedentary Work is Supported by Substantial Evidence.**

Plaintiff contends the ALJ's determination that he had improved so as to be able to perform sedentary work as of October 7, 2004 is not supported by substantial evidence. Plaintiff alleges that the ALJ relied only on Dr. Cope's statement that Plaintiff could perform sedentary work. (Pl.'s Br., p. 6.) Plaintiff also argues that Dr. Cope was unaware of the definition of sedentary work, as used by the Commissioner, and therefore, his comments regarding Plaintiff's ability to perform sedentary work should not be given substantial weight. (Pl.'s Br., p. 8.)

Defendant avers the ALJ's decision that Plaintiff retains the residual functional capacity to perform sedentary work is supported by the record. (Def.'s Br., p. 8.)

5

Defendant also avers that Dr. Cope's medical records provide a "longitudal" view of Plaintiff's progress throughout Plaintiff's treatment and show a significant improvement by Plaintiff. (Def.'s Br., p. 9.) Defendant alleges that Dr. Cope's notes are also important in that they do not show ongoing symptoms and that there is a decreasing frequency of pain reported by Plaintiff. Defendant contends that Dr. Wright's concurring opinion also supports the ALJ's determination.

Once a claimant receives disability benefits, an ALJ can terminate benefits if there is substantial evidence "of improvement to the point of no disability." Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982), *overruled on other grounds* by Hand v. Heckler, 761 F.2d 1545, 1547 (11th Cir. 1985). In determining whether a claimant's disability has improved, the ALJ must compare the original medical evidence versus the new medical evidence. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984). If, after comparing these medical records, the evidence is substantially the same as that used in the initial disability request, benefits must be continued. Simpson, 761 F.2d at 969.

In determining whether Plaintiff had sufficiently improved after October 7, 2004, the ALJ used Dr. Cope's medical records to trace the progress of Plaintiff's injury. Based on Dr. Cope's records, ALJ Fishman found that, from the time of Plaintiff's initial injury to his recovery from surgery to repair that injury on October 7, 2004, Plaintiff had to use crutches or a cane to ambulate and he was severely limited in his range of motion. However, the ALJ noted Plaintiff began to show signs of improvement in mid-November 2003. (Tr. at 25.) Plaintiff was able to move around on one crutch, and the x-ray showed his injury was healing. (Id.) ALJ Fishman also noted when Plaintiff returned to Dr. Cope

in February 2004, six months after surgery, Plaintiff was able to move around using a cane, and his pain was not a problem without weight bearing. (Id.) ALJ Fishman observed that four months later, x-rays revealed Plaintiff's injury had healed nicely, and that Plaintiff got around adequately and only had to use a cane some of the time. ALJ Fishman also observed that Dr. Cope noted Plaintiff might have a difficult time returning to heavy work where Plaintiff would have to stand all of the time, but he would be employable in light to sedentary work. (Id.)

ALJ Fishman also noted that a second evaluation from Dr. Wright revealed that Plaintiff improved to the point where his residual functional capacity would allow him to perform work at the light to sedentary level. (Tr. at 218.) Dr. Wright found that Plaintiff could stand or walk for at least 2 hours in an eight hour work day. (Tr. at 218.) Plaintiff was limited to occasional use of his right leg to operate foot controls and occasional climbing stair ramps, never climb ladders/ropes/scaffolds, and occasional balancing, kneeling, crouching, and crawling. (Tr. at 219.)

Using a vocational expert, Mark Leaptrot, ALJ Fishman found that Plaintiff retained the residual functional capacity to be employed as a silverware wrapper, box sealer inspector, or a paper cone machine operator, and each of these the jobs existed in significant numbers in the national economy. (Tr. at 27.) ALJ Fishman concluded that Plaintiff was not disabled within the meaning of the Act.

There is substantial evidence in the record to support ALJ Fishman's determination that Plaintiff medically improved on October 7, 2004, such that Plaintiff's benefits should no longer continue. ALJ Fishman's also determined Plaintiff had the residual functional capacity to perform work at the sedentary or light level after October 7, 2004. In reaching

AO 72A
(Rev. 8/82)

his determination, ALJ Fishman considered the medical evidence of record, particularly the findings of Drs. Cope and Wright, as well as the testimony of the vocational expert. Plaintiff is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 5th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)